Oether, P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., an Italian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSTYLE WATCH 36, INC., a New York Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 1:17-cv-02441-JPO |

## STIPULATION AND CONSENT JUDGMENT

**Plaintiff Luxottica Group S.p.A.** ("Luxottica" or "Plaintiff") having filed a Complaint in this action charging **Defendant Instyle Watch 36, Inc.** ("Defendant") with Trademark Infringement, False Designations of Origin, Unfair Competition, and related state law claims arising from the alleged illegal importation, distribution, offering for sale, and/or sale of products bearing counterfeit reproductions of the Ray-Ban Marks ("Accused Products").

WHEREAS, Luxottica and Defendant, desiring to fully settle all of the claims between them; and

WHEREAS, the parties herein have simultaneously entered into a confidential Settlement Agreement and Mutual Release,

WHEREAS Defendants have agreed to and the parties HEREBY STIPULATE to the following terms of a permanent injunction:

1.  Luxottica is the owner of various Ray-Ban trademarks (collectively, the "Ray-Ban Marks"), including but not limited the following United States Trademark Registrations:

1

| Trademark | Registration No. | Good And Services |
|---|---|---|
| *Ray-Ban* (script logo) | 650,499 | sunglasses, shooting glasses, and ophthalmic lenses, in class 26. |
| | 1,093,658 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| | 1,726,955 | bags; namely, tote, duffle and all-purpose sports bags, in class 18. |
| | | cloths for cleaning ophthalmic products, in class 21. |
| | | clothing and headgear; namely, hats, in class 25. |
| RAY-BAN | 1,080,886 | ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles – in class 9. |
| | 1,490,305 | clothing, namely, t-shirts, in class 25. |
| | 2,718,485 | goods made of leather and imitation leather, namely, wallets, card cases for business cards, calling cards, name cards and credit cards in class 18. |
| | | clothing for men and women, namely, polo shirts; headgear, namely, berets and caps. |
| Ray-Ban (circular seal logo) | 1,320,460 | sunglasses and carrying cases there for, in class 9. |
| Ray-Ban (red box logo) | 3,522,603 | sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses, in class 9. |

2

2. Defendant shall immediately and permanently cease the manufacture, purchase, production, distribution, circulation, sale, offering for sale, importation, exportation, advertising, promotion, display, shipment, marketing or incorporation in advertising or marketing products bearing the Ray-Ban Marks and/or marks identical, substantially indistinguishable, and/or confusingly similar thereto other than with consent of Luxottica, its successors and assigns;

3. Defendant shall not deliver, hold for sale, return, transfer or otherwise move, store or dispose in any manner products bearing the Ray-Ban Marks, or marks identical, substantially indistinguishable, and/or confusingly similar thereto other than with consent of Luxottica, its successors and assigns;

4. Defendant shall not knowingly assist, aid or attempt to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2 and 3 above.

5. Subject to a confidential settlement agreement between Luxottica and Defendant, Defendant shall be liable for Luxottica's claims in the amount of $200,000.00.

6. This Court has jurisdiction over the parties herein and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

7. The execution of this stipulation shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of Defendant shall not have preclusive effect on any other parties, actual or potential, who are not specifically released herein or in the parties' confidential settlement agreement, all claims against whom Plaintiff expressly reserves.

8. Plaintiff and Defendant shall bear their own costs and attorneys' fees associated with this action.

9. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this

Stipulation/Order as well as the parties' confidential settlement agreement in connection with this action.

  10. Except as otherwise provided herein, this action is fully resolve and dismissed with prejudice.

Dated: September 26, 2017
    Los Angeles, California

_____
Cindy Chan
Blakely Law Group
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
*Attorneys for Plaintiff*
*Luxottica Group S.p.A.*

Dated: September 26, 2017
    Jersey City, New Jersey

_____
Uri Dallal
The Dallal Firm
2500 Plaza 5
Harborside Financial Center
Jersey City, New Jersey 07311
*Attorneys for Defendant*
*Instyle Watch 36, Inc.*

IT IS SO ORDERED.

DATE: October 16, 2017

_____
J. PAUL OETKEN
United States District Judge